■ In the Matter of the Arbitration between GLEN CREATIONS, INC., Appellant, and COTRA CORPORATION, Respondent.— Judgment, Supreme Court, New York County, entered on March 12, 1969, vacating a temporary stay of arbitration, reversed, on the law and the facts, without costs and without disbursements, and petitioner's application to stay arbitration granted. In reversing, we conclude the judgment is contrary to the weight of the evidence, there con-

cededly being no written evidence of any agreement to arbitrate. All we find is an alleged oral agreement regarding the purchase of yarn and an alleged mailing of a contract, receipt of which is denied by the purchaser. But since the seller admits it did not discover the alleged contract had never been returned, until three years after the oral contract of sale, and since we find no evidence to sustain the court's finding of a prior course of dealing, we find it necessary to set aside the court's finding as being based on a unilateral effort on the part of the seller to invoke arbitration, independent of any demonstrated agreement to arbitrate. As voiced in the minority opinion, we similarly take a dim view of the long delay in raising this question for review, and we embrace the suggestion that the Law Revision Commission might well consider the question of fixing a time limitation wherein to go forward to arbitration. Concur — McGivern, Markewich and Capozzoli, JJ.; Stevens, P. J., and Steuer, J., dissent in the following memorandum by Steuer, J.: We believe that the question of whether the parties entered into a written contract to arbitrate was purely one of fact for the trier of the facts. While the record is not ideal, it does not mandate the granting of a stay of arbitration. This proceeding highlights an unfortunate aberration in the law. No proceeding to arbitrate pursuant to decision of the court was ever begun. In view of this, this appeal was allowed to languish for a period of three years. Had there been no appeal there is no telling when the sanctioned arbitration would have been instituted, and it might well have come at a time when its prosecution would have been highly prejudicial to appellant. We therefore suggest to the Law Revision Commission that it would be appropriate to provide that an arbitration must be begun within such reasonable time as fixed by the Legislature from the date of notice of arbitration, or, where the right to arbitrate has been contested, the entry of the order denying a stay.